NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YIQING SONG,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 23-799

Agency No.
A088-323-033

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 16, 2024
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

     Petitioner Yiqing Song, a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA affirms the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

IJ's decision without opinion, we review the decision of the IJ as if it were that of the BIA." *Cardenas-Delgado v. Holder*, 720 F.3d 1111, 1114 (9th Cir. 2013). We grant Song's petition in part and deny Song's petition in part.

1.      We deny Song's petition with respect to his claims for asylum and withholding of removal on account of his political opinion. Although Song may have "resisted" China's one-child policy, *see Li v. Ashcroft*, 356 F.3d 1153, 1160 (9th Cir. 2004), substantial evidence supports that Song was not persecuted for such resistance, 8 U.S.C. § 1101(a)(42)(B), and that he does not have an objectively reasonable well-founded fear of future persecution on account of his political opinion. Song continued to live in China for nine years after his ex-wife's forced abortion and offers no evidence of the Chinese authorities' interest in him during this time. *See Castillo v. I.N.S.*, 951 F.2d 1117, 1122 (9th Cir. 1991).

2.      We grant Song's petition with respect to his claims for asylum and withholding of removal on account of his religion because the record compels a finding that he suffered past religious persecution. The IJ relied on *Gu v. Gonzales*, 454 F.3d 1014, 1017–20 (9th Cir. 2006), to conclude that Song did not suffer past persecution because he did not "seek medical treatment" and because he "did not sign any document or make any promises to the Chinese authorities that he would never attend Christian house churches." However, "a beating 'may constitute persecution, even when there are no long-term effects and the

[petitioner] does not seek medical attention.'" *Zhihui Guo v. Sessions*, 897 F.3d 1208, 1215 (9th Cir. 2018) (quoting *Quan v. Gonzales*, 428 F.3d 883, 888 (9th Cir. 2005)). Further, Song was effectively prohibited from attending religious services because he was required to admit that he "attended illegal gatherings" and was subjected to "surveillance" through weekly reporting to the police. *Zhihui Guo*, 897 F.3d at 1216 ("[B]ecause Petitioner was forbidden from attending church and required to report to the police weekly, his persecution was ongoing."). Accordingly, the record compels the conclusion that Song suffered past religious persecution.

Establishing past persecution gives rise to a "rebuttable presumption of a well-founded fear of future persecution." *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (internal citations omitted). Because Song is entitled to a presumption of a well-founded fear of future persecution on account of his religion, we remand this case to the BIA to determine in the first instance whether the government can rebut that presumption. *See Zhihui Guo*, 897 F.3d at 1217.[1]

3.      We deny Song's petition with respect to his claim for CAT relief. Substantial evidence supports the IJ's determination that Song did not establish that he would more likely than not be tortured if returned to China. As noted by

---

[1]      We note the government agreed at oral argument that remand is appropriate here because the IJ did not analyze Song's well-founded fear of future persecution as if he were entitled to the rebuttable presumption.

the IJ, although Song fears Chinese authorities will arrest him upon his return to China and imprison him due to his attendance at church services, Song's son returned to China in 2011 and continues to attend church services without incident. Further, Song's former wife also attends church services without government interference. Substantial evidence also supports the IJ's conclusion that country conditions evidence does not show that Song would more likely than not be tortured by the Chinese government. *See Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014).

We **GRANT** Song's petition for review as to his claims for asylum and withholding of removal on account of his religion and **REMAND** to the BIA to apply the resulting presumption of future persecution. We **DENY** the petition as to Song's claims for asylum and withholding of removal on account of his political opinion and as to his CAT claim.